UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| BASIL YOUNG, | : | CIVIL ACTION NO. |
|    Plaintiff | : | No. 3:10-cv-223 (JCH) |
| | : | |
| v. | : | |
| | : | |
| SPECTRUM ASSOCIATES, INC. | : | JULY 29, 2010 |
|    Defendant. | : | |

**RULING RE: DEFENDANT SPECTRUM'S MOTION TO DISMISS (Doc. No. 8)**

**I.   INTRODUCTION**

Plaintiff, Basil Young, has brought this action against his former employer, Spectrum Associates, Inc. ("Spectrum"). In his Complaint, Young alleges that he was subjected to unlawful race discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e ("Title VII"), the Connecticut Fair Employment Practices Act, Conn. Gen. Stat. 46a-60 ("CFEPA"), and section 1981 of title 42 of the United States Code. See Complaint [Doc. No. 1]. On March 9, 2010, Spectrum moved to dismiss Counts One, Two, Three, Four, and Five of Young's Complaint for failure to state a claim upon which relief can be granted. See Motion to Dismiss ("Mot. To Dismiss") [Doc. No. 8]. For the reasons that follow, defendant's Motion to Dismiss is denied.

**II.  FACTUAL BACKGROUND**

In August 2006, Young accepted a "temporary to permanent" position in Spectrum's Quality Control Department. Complaint ("Cmplt") at ¶ 22. Young obtained

full-time status in November 2006.  Id. at ¶ 24.  He was the only African-American in Spectrum's Quality Department.  Id. at  ¶ 32.  On April 14, 2008, Young received a performance review.  Id. at ¶ 27.  He was rated excellent in two categories, good in one category, and needs improvement in two categories.  Id. at ¶ 28.  Young contends he was denied a pay raise notwithstanding his "overall favorable" performance evaluation.  Id. at ¶ 27.  Furthermore, he alleges that a white employee, "who was similarly situated" to him, received both a promotion and a salary raise.  Id. at ¶ 31.  In response to what Young believed was disparate treatment fueled by discriminatory animus, he complained to Spectrum's General Manager, Gary Brelsford, that his immediate supervisor, Gary Pagnozzi, and a co-worker, Anna Magura, were discriminating against him on account of his race, color, and disability.  Id. at ¶ 33.  Later that month, on April 29, 2008, Brelsford allegedly denied all claims asserted in Young's written complaint and requested that he resign from his position "because he was not a 'fit.'"  Id. at ¶ 34.  Approximately five months later, on September 17, 2008, Spectrum issued a memo eliminating all permanent, Switch/Valve incoming parts bench inspection "position*s*" due to lack of work, effectively terminating Young's employment.  Id. at ¶ 47 and Ex. 7, (emphasis added).  Young was the only employee terminated as part of Spectrum's September 17 layoff.  Id. at ¶ 105.  Young asserts that Spectrum's stated reason for the elimination of Young's position was pretextual because "defendant had sufficient work for the plaintiff to perform."  Id. at ¶ 106.

Young brought this action on February 12, 2010, and claims that Spectrum's conduct has caused him severe economic loss and emotional distress.  Id. at ¶¶ 1, 2.  Young seeks declaratory, injunctive and equitable relief, compensatory and punitive

damages, and costs and attorney fees in accordance with Title VII and the CFEPA. Id. at ¶¶ 48, 49. Young also seeks compensatory and punitive damages pursuant to sections 1981 and 1981(a) of Title 42 of the U.S. Code. Id. at ¶ 7.

### III. STANDARD OF REVIEW

In deciding a motion to dismiss, the court accepts the factual allegations set forth in the complaint as true and construes them in a manner favorable to the pleader. See, e.g., Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) ("When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."); United States v. City of N.Y., 359 F.3d 83, 91 (2d Cir. 2004); see also Chambers v. Time Warner, Inc., 282 F.3d 147, 152 (2d Cir. 2002); Gregory v. Daly, 243 F.3d 687, 691 (2d Cir. 2001); Hoover v. Ronwin, 466 U.S. 558, 587 (1984). The court must draw all reasonable inferences in the plaintiff's favor. See Yung v. Lee, 432 F.3d 142, 146 (2d Cir. 2005); Fernandez v. Chertoff, 471 F.3d 45, 51 (2d Cir. 2006). A motion to dismiss for failure to state a claim tests only the adequacy of the complaint. See City of N.Y., 359 F.3d at 88. The court's analysis is guided by Fed. R. Civ. P 8(a)(2) ("Rule 8(a)(2)"), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

When a complaint pleads facts "merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 55). Young need not set forth in his complaint specific facts establishing a prima facie case of employment discrimination in order to survive Spectrum's Motion to Dismiss.

Twombly, 550 U.S. at 544 (quoting Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508 (2002), which held that "a complaint in an employment discrimination lawsuit [need] not contain specific facts establishing a prima facie case of discrimination."); Fowler v. Scores Holding Co., 677 F.Supp. 2d 673. 679 (2009) (same).  However, the court considers the elements of a prima facie case in determining whether there are sufficient factual allegations in the complaint to apprise the defendant of the grounds upon which the plaintiff's claim rests.  See Fowler, 677 F.Supp.2d at 679 ("While a complaint need not contain specific facts establishing a prima facie case of employment discrimination to overcome a Rule 12(b)(6) motion, the claim must be facially plausible, and must give fair notice to the defendants of the basis for the claim."); see also Doverspike v. Int'l Ordinance Techs., 2010 U.S. Dist. LEXIS 25629; Erickson v. Pardus, 551 U.S. 89, 94 (2007)).

Recently, the Supreme Court has held that Rule 8(a)(2) "requires factual allegations sufficient 'to raise a right to relief above the speculative level.'"  Boykin v. Keycorp, 521 F.3d 202, 213 (2d Cir. 2008) (quoting Twombly, 550 U.S. at 555 (2007)).  This "plausibility standard" in Twombly "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  Id. at 1949.

**IV. DISCUSSION**

    A.    <u>Unlawful Discrimination in Violation of Title VII and the CFEPA</u>

Spectrum contends that Young's Complaint lacks sufficient factual allegations to support his claim that race was a motivating factor in Spectrum's decision to terminate his employment.  See Mot. to Dismiss at 1.  To establish a prima facie case of racial

discrimination, Young must show that: (1) he is part of a protected class; (2) he was qualified for his position; (3) he suffered an adverse employment action; and (4) the circumstances surrounding that employment action give rise to an inference of discrimination. Abdu-Brisson v. Delta Air Lines, Inc., 239 F.3d 456, 466 (2d Cir. 2001). Young, an African American, is undoubtedly a member of a protected class. His approximately three year tenure at Spectrum and recent "overall favorable" performance review adequately allege he was qualified for the position he held, and his termination constitutes an adverse employment action. The question thus becomes whether Young has plead sufficient factual allegations under Rule 8 to support the inference of discrimination required by the fourth prong.

In furtherance of his claim, Young asserts that he was the only African-American in Spectrum's workforce, and the only employee to be laid off for "lack of work" when, according to Young, there was sufficient work for him to perform. Young also contends that the reason for his layoff was pretextual. He further asserts that he was treated in a "demonstrably less favorable manner" than "similarly situated white employees." Evidence that "even one similarly situated employee outside of the protected group received treatment more favorable than the plaintiff may raise an inference of discriminatory intent," thereby satisfying the fourth element of a *prima facie* case. Mandell v. City of Suffolk, 316 F.3d 368, 379 (2d Cir. 2003); Grahm v. Long Island, R.R.,230 F.3d 34, 42 (2d Cir. 2000). For the court to draw "at least a minimal inference that the difference in treatment may be attributable to discrimination," Young need not go into further detail regarding the degree to which those employees outside of his protected class are "similarly situated." McGuinness v. Lincoln Hall, 263 F.3d 49, 53-54

(2d Cir. 2001); Norville v. Staten Island Univ. Hosp., 196 F.3d 89, 95 (2d Cir. 1999); Smith v. Cingular Wireless, 579 F.Supp. 2d 231, 244 (D. Conn. 2008).[1] That Young has alleged he was the only African-American in Spectrum's workforce and the only employee to be laid off on September 17, 2008, and that the reason for his lay off–lack of work–was pretext, together with Young's allegations of inferior treatment vis-a-vis "similarly situated" white employees, is sufficient to elevate Young's race discrimination claim above the "speculative level" and render his claim plausible. Boykin, 521 F.3d at 213 (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). The court concludes that Young has sufficiently pled Counts One and Four for race discrimination, and the Motion to Dismiss is denied with respect to those counts.

B.  Unlawful Discrimination in Violation of Title 42 U.S.C. § 1981

To survive a motion to dismiss, a plaintiff bringing a section 1981 claim must allege with specificity "circumstances giving rise to a plausible inference of racially discriminatory intent." Johnson v. City of New York, 669 F. Supp. 2d 444 (2009). Spectrum contends that Young has failed to allege events or circumstances illustrative of Spectrum's purported intent or purpose to engage in discriminatory conduct. See Mem. in Support [Doc. No. 9] at 5. In support of his claim, Young asserts that he was the only African-American in the Quality Department, and that he was "treated in a less

---

[1] The cases cited above were decided prior to the Supreme Court's decision in Ashcroft v. Iqbal. Insofar as they stand for the proposition that plaintiff may rely upon evidence of unequal treatment as a means to satisfy the fourth prong of a prima facie case of race discrimination, however, they remain applicable. Alleging disparate treatment is not the only means by which plaintiffs may support an inference of discrimination. Therefore, making such an allegation, Young has provided Spectrum with sufficient notice of the basis of his claim.

favorable manner" than similarly-situated, white employees. Cmplt. at. ¶ 225. Furthermore, Young alleges that Spectrum's proffered reason for terminating his employment–lack of work–was pretextual, and that he was the only employee to be laid off as part of Spectrum's September 17 layoff. Id. at ¶¶ 229, 230.

"Section 1981 claims based on employment discrimination, and employment discrimination claims . . . are analyzed under the same standards used for Title VII claims." Russell v. County of Nassau, No. 07-1686, 2010 U.S. Dist. LEXIS 14018, at *41 (E.D.N.Y. 2010); see also Schiano v. Quality Payroll Sys., Inc., 445 F.3d 597, 609 (2d Cir. 2006); Whidbee v. Garzarelli Food Specialties, Inc., 223 F.3d 62, 69 (2000); Quinn v. Green Tree Credit Corp., 159 F.3d 759, 765 (2d Cir. 1998). "A Title VII plaintiff may establish an inference of discriminatory intent in a number of different ways depending on the specific facts of the case." Russell, 2010 U.S. Dist. LEXIS 14018, at *41; see also Abdu-Brisson v. Delta Air Lines, Inc., 239 F.3d 456, 468 (2d Cir. 2001). More specifically, plaintiffs seeking redress for race-based employment discrimination may show that their employer harbored the requisite racial animus, or intent to discriminate, indirectly by alleging that similarly situated employees not in their protected group received more favorable or different treatment. See Russell, 2010 U.S. Dist. LEXIS 14018 2d * 41; see also Johnson, 480 F.Supp. 2d at 597.

Young's Complaint provides sufficient factual allegations to satisfy the element of a section 1981 claim that an employer intentionally discriminated on the basis of race. Accordingly, the court finds that Young has adequately plead Count Three, and the Motion to Dismiss is denied with respect to that Count.

### C. Unlawful Retaliation in Violation of Title VII, the CFEPA, and Title 42 U.S.C. 1981

Young contends that his opposition to the alleged race discrimination he suffered was a motivating factor in Spectrum's decision to terminate his employment, and that Spectrum thereby engaged in unlawful retaliation against him with "malice or reckless indifference" to his rights under Title VII, and CFEPA. Cmplt. ¶14. A prima facie case of retaliation under Title VII or the CFEPA requires sufficient evidence to permit a rational trier of fact to find that: (1) plaintiff engaged in protected activity; (2) the employer was aware of the activity; (3) the employer took a materially adverse action against the Young; and (4) a causal connection exists between the protected activity and the adverse action. Kessler v. Westchester County Dep't of Soc. Servs., 461 F.3d 199 (2d Cir. 2006); Jute v. Hamilton Sundstrand Corp., 420 F.3d 166, 173 (2d Cir. 2005); Cifra v. General Electric Co., 252 F.3d 205, 216 (2d Cir. 2001).

Young engaged in protected activity when he addressed his written complaint of race discrimination to Brelsford. Cmplt. at 13. Brelsford was, in turn, aware of that activity, and Young's termination constitutes a materially adverse employment action. Id. at 14. Young has, therefore, sufficiently alleged the first three elements of a prima facie case of retaliation. Spectrum argues that Young's retaliation claims are not plausible, however, because he has failed to include "any amplifying factual allegations connecting his April 14, 2008 complaint of race discrimination to the September 17, 2008 layoff." Mem. Mot. to Dismiss (Doc. No. 16) at 3.

Plaintiffs seeking redress under Title VII may satisfy the causation requirement "either (1) directly, through evidence of retaliatory animus directed against Young by the

defendant; or (2) indirectly, by showing that the protected activity in question was closely followed in time by the adverse action." Cifra, 252 F.3d at 217 ("The causal connection needed for proof of a retaliation claim can be established indirectly by showing that the protected activity was closely followed in time by the adverse action." Gordon v. N.Y. City Bd. of Educ., 232 F.3d 111, 117 (2d Cir. 2000)); see also Agostino v. Simpson, 2008 U.S. Dist. LEXIS 93094 * 23 ("A causal connection is often shown circumstantially, through allegations that the retaliation occurred in "close temporal proximity" to the protected activity). Here, Young claims an indirect connection based on the time between his complaint and his firing.

The Second Circuit has declined to draw "a bright line to define the outer limits beyond which a temporal relationship is too attenuated to establish" the requisite causal connection. Gorman-Bakos v. Cornell Coop. Extension, 252 F.3d 545, 555 (2nd Cir. 2001). So long as the temporal proximity between Spectrum's knowledge of Young's protected activity and Young's termination is "very close," it provides an indirect showing of causation satisfies Title VII. Knight v. City of New York, 303 F. Supp. 2d 485, 497 (S.D.N.Y. 2004); see also Clark County Sch. Dist. V. Breedon, 532 U.S. 268, 273 (2001). Absent a more precise definition of what constitutes "very close" for retaliation purposes, the question–as to whether a given period of time permits an inference of causation as required by the fourth prong of a prima facie case–is determined in the context of a particular case, on a case-by-case basis. Compare Grant v. Bethlehem Steel Corp., 622 F.2d 43, 45-46 (2d Cir. 1980) (finding that an inference of causation is established when there is an eight month gap between the protected activity in question

and the adverse employment action) with Hollander v. American Cyanamid Co., 895 F.2d 80, 85-86 (2d Cir. 1990) (finding no causation when three months lapsed between Young's EEOC complaint and the adverse action).

Young argues that the timing between his complaint on April 14, 2008, and his termination on September 17, 2008, establishes the necessary causal connection between the protected activity and his termination. The approximately five month period at issue is within the time frame generally accepted by this Circuit as supporting an inference of causation. Also Espinal v. Goord, 554 F.3d 216, 228 (2d Cir. 2009) (holding that a six-month lapse between Young's protected activity and the allegedly retaliatory conduct supported an inference of causation); Agostino v. Simpson, No. 08-CV-5760, 2008 U.S. Dist. LEXIS 93094, 2008 WL 4906140, at *7 (S.D.N.Y. Nov. 17, 2008) (denying motion to dismiss "[b]ecause there is no bright line for temporal proximity and because six months could at least be in the range of acceptable time periods"); Lindner v. Int'l Business Machines Corp., No. 06-CV-4751, 2008 U.S. Dist. LEXIS 47599, 2008 WL 2461934, at 7 (S.D.N.Y. June 18, 2008) (noting that "retaliation claims are rarely dismissed pursuant to Rule 12(b)(6) where the plaintiff has alleged a time period of less than one year between the protected activity and the alleged retaliatory conduct"). Accordingly, the court finds that Young's retaliation claims are plausible. Spectrum's Motion to Dismiss is denied with respect to Young's claims of retaliation under Title VII, CFEPA, and section 1981.

## V. CONCLUSION

For the reasons stated above, Spectrum's Motion to Dismiss is denied.

**SO ORDERED.**

Dated at Bridgeport, Connecticut, this 29th day of July 2010.

/s/ Janet C. Hall

Janet C. Hall
United States District Judge